## SAUM et v ORRILL et

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1697.   Decided Jan. 20, 1942.

G. E. Miller, Dayton, for plaintiffs-appellants.

Holland & Holland, Dayton, for defendants-appellees.

## OPINION

By GEIGER, PJ.

This case had its inception in the Court of Common Pleas of Montgomery County, Ohio. There was such vigorous action upon the part of the defendants through various demurrers and motions the case did not come to issue until the fourth amended petition had been filed.

It is not necessary for us to detail that which lead to this rather unusual situation. Briefly, in the fourth amended petition the plaintiffs, Herman Saum and Jessie Ennis, as a first cause of action, assert that they are brother and sister and the children and next of kin and only living heirs of William A. Saum; that the named defendants are the next of kin, heirs and legatees of Mary E. Saum, the widow of William; that certain other parties occupy various relations to William A. Saum. It is alleged that William A. Saum died on August 11, 1928, and that Mary E. Saum died October 2, 1938; that they were husband and wife prior to February 27, 1926; that at the time of their marriage William was the owner of the real estate described, the same being unincumbered; that shortly after their marriage while William and Mary were

husband and wife, William executed and delivered to Mary a general warranty deed in fee simple to the real estate described; that after their marriage they entered into an agreement, of which there is a memoranda in writing, whereby William agreed to convey the real estate to Mary his wife for life with power to sell for her necessities only and that after her death the estate was to pass to the plaintiff herein; that the intention of the parties was that Mary receive a life estate with power to sell for necessities so that on her death the plaintiffs would become the owners in fee simple. The deed was executed and delivered in pursuance of this agreement by William A. Saum; that a mistake was made in said deed in pursuance of the agreement so that instead of conveying a life estate it purported to convey the entire fee simple to Mary E. Saum and that said mistake was not corrected and that both parties are now dead, William predeceasing Mary.

For a second cause of action it is alleged that shortly after the marriage of the two parties, Mary, the wife, intentionally and fraudulently promised the husband that if he would convey to her the real estate she would hold it for her life and then pass it on to the children of William, plaintiffs herein, and said William conveyed the real estate in fee simple by general warranty in reliance upon the aforesaid promise; that Mary used the real estate as her own and executed a will which has been duly admitted to probate by which all of her property, including the real estate, was devised to several of the defendants in violation of the promise and that thereby plaintiffs have been deprived of their interest by fraud so practiced by Mary.

Plaintiffs pray that under their first cause of action the deed be reformed so as to convey a life estate only with power to sell so as to properly express the intention of the parties and correct the mistake made in the deed or that under said second cause of action

the devisees of Mary be ordered to hold said real estate in trust for the plaintiffs and that the defendants be compelled to fulfill the trust according to the arrangement of their predecessor in title, said Mary.E. Saum, by conveying the real estate in fee simple to the plaintiffs herein.

To this fourth amended petition, several answers are filed, one by Fay Sotell admitting certain facts in connection with the marriage and the ownership of the real estate and making delivery of the deed; that Mary exercised control and made a will disposing of the property. In answer to the first cause of action and as a first defense, the defendant Fay Sotell says that the same is barred by the statute of limitations and is in violation of the statute of frauds. As to the second cause of action, it is asserted that the cause is barred by the statute of limitations and in violation of the statute of frauds. There is a general denial of all matters not admitted. The prayer is that the fourth amended petition be dismissed.

Ruth Irene Orrill, a defendant, files an answer and for her defense to the first cause of action says that William granted to Mary, his wife, all the estate in the premises to hold to her use for a consideration of love and affection and that the heirs of William are estopped from denying the title. As to the second cause of action she asserts the same matters set up as a defense to the first cause of action.

The executor of the estate of Mary E. Saum filed an answer admitting portions of the petition, among them being that Mary E. Saum used the real estate as her own and executed a will dated August 30, 1938, by which all her property, including the real estate described in the petition, was devised to Earl Miller, Bessie Sotell and Ruth Irene Orrill. For an answer to the first cause of action he denies that William conveyed the premises to Mary in pursuance of a verbal agrement to take a life estate with the power to sell for

necessities only, and specifically denies that there was any mistake in said will, and alleges that the conveyance was an absolute conveyance in fee simple.

For his second defense to the first cause of action he makes certain allegations as to debts not now of importance.

For his first defense to the second cause of action he denies that Mary intentionally and fraudulently promised to hold said real estate for life and then devise the same to the plaintiffs, and again states that the conveyance was made by an absolute deed in fee simple and in consideration of love and affection.

For his second defense to the second cause of action the executor says that there are bona fide debts against the estate of Mary E. Saum as stated. There is a general denial to all other allegations.

Russell L. Ullmer, an undertaker, files an answer in which he asserts that he furnished services in the burial of Mary E. Saum and that he searched the records and found that the real estate stood in her name in fee simple. He asserts other matters at length which are not of present interest.

A guardian was appointed to represent the minors and depositions were taken to which objections were made and overruled.

Certain other preliminary matters were disposed of by the court.

On May 5th, 1941, an entry is filed by which it appears that the cause came on to be heard upon the fourth amended petition with the various answers; that the motion of the defendants to dismiss the fourth amended petition at the conclusion of plaintiffs' testimony is well made and judgment is rendered against the plaintiffs.

A motion for new trial was made and overruled and notice of appeal was given on June 11th to the Court of Appeals from the decision rendered, said appeal being on questions of law and fact. This motion was withdrawn with permission of the court and a bond given in the sum of $100.00.

On June 9th, plaintiff gave notice of appeal from the decision heretofore rendered, recorded on May 5, 1941 and June 5, 1941. We find no entry of June 5th. The entry of June 6th is the overruling of the motion for new trial.

The evidence presented for our examination consists of a bill of exceptions taken in the court below and certain agreed statements by counsel. The appeal being upon law and fact, the trial before us is de novo. We do not find that there is any agreement on record that the case may be considered on the evidence taken in the court below in addition to the subsequent agreement, but we assume that such agreement was properly made. Any such missing agreement should be supplied.

The testimony introduced by the defendants by agreement contains a number of statements, in certain respects supporting the allegations of the petition, agreeing that certain evidence might be introduced, to the competency of which plaintiffs reserved an exception. New matter is stipulated to the effect that William, the husband, received on the 11th day of July, 1925, the sum of $12,902.50 as his distributive share in a partition case.

It is further agreed that William died on the 11th of August, 1928, testate, and that the second item of said will is, "I give, devise and bequeath to my wife, Mary E. Saum, that to which she would be entitled under the laws of this state." It is agreed that the final account of William's estate will show that Mary received $445.07 out of the estate of William as her widow's allowance. It is agreed that in the estate of Mary the inventory shows that the premises described in the petition are appraised for the sum of $2400.00. The will of Mary E. Saum, dated the 25th day of July, 1928, by Item II provides, "I give, devise and bequeath to Herman Saum and Jessie Ennis absolutely and in fee simple the four lots"

(being the same as described in the petition).

The evidence discloses an affidavit under date of the 23rd of November, 1928, in which Mary states that she is the widow of William; that prior to his death, said William conveyed to her the real estate described; that at the time of the conveyance it was agreed between the affiant and William that affiant should possess and use the premises during her natural life; that said premises were not to be sold by affiant unless it was necessary to do so in order to give her the necessities of life, and that on the death of the affiant said premises or proceeds thereof in her possession at the time of her death were to become the property of William A. Saum's children, Jessie Ennis and Herman Saum. As to the incidents leading to the making of this affidavit one of the attorneys testifies on page 59, et seq., that Mrs. Saum had stated to him that the deed in fee simple had been given to her with the understanding that it was to be hers for life only and to use as she saw fit, but that after her death the property was then to go to Mr. Saum's two children. She would not give a deed back reserving to herself a life estate, but she said she would make a will carrying out this same idea, that she wanted to rectify this mistake that was in the deed; it was not as they understood it to be. That is the reason she made this will that way, (referring to the will dated 1928). The witness as the attorney for the executor of Mr. Saum's estate, stated on page 60, that to properly protect the children of Mr. Saum and carry out the wishes in a legal way, that there should be an affidavit setting forth the reasons for this action, and he asked her to sign the affidavit as above referred to.

On the 30th day of August, 1938, Mary Saum made another will which was probated as her last will and testament. Item IV of said will is, "All the rest, residue and remainder of my estate I give, devise and bequeath to my son Earl W. Miller, Bessie Sotell and Ruth Irene Orrill, equally, share and share alike." This item included the real estate in question and revoked her will of the 25th day of July, 1928, wherein by the second item she devised the lots to Herman Saum and Jessie Ennis, absolutely in fee simple.

It is urged by the plaintiffs that in spite of the fact that the deed from William A. Saum to his wife, Mary E. Saum, in consideration of love and affection, conveyed to Mary Saum the fee simple title, that the evidence adduced is sufficient to support the allegations of the petition and require that the real estate so described be now conveyed to Herman Saum and Jessie Ennis, the children of William. We do not find that there is any evidence sustaining the allegations of the second cause of action that Mary intentionally and fraudulently made the promise therein alleged.

We will confine ourselves to the consideration of the evidence touching the first cause of action to the effect that it was the intention of the parties that Mary receive a life estate only and that the deed was executed in pursuance of this agreement and that a mistake was made in said deed so that instead of conveying a life estate it purported to convey the entire fee to Mary E. Saum, and that said mistake was not corrected.

"In order to maintain an action for reformation of a deed upon the ground of mutual mistake of the parties thereto, the proof of such mutual mistake must be clear and convincing; a preponderance of the evidence only is not sufficient." **Frate et v Rimenik et, 115 Oh St 11.**

The evidence does not disclose the fact that there was a mutual mistake which is now sought to be corrected. At most, the evidence discloses the fact that the parties made and accepted a deed in fee simple with the understanding that such deed would be regarded

as a deed granting to the wife only a life estate. There does not appear to us to be any mistake in the making of the deed as conveying an estate in fee simple. That which is denominated by the plaintiff as a mistake is simply an agreement alleged to have existed between the parties that in spite of the deed being one in fee simple it was to be regarded as a deed for life only. Counsel for plaintiff rely largely upon two facts: first, that in 1928, Mrs. Saum made a will devising the real estate to the two children of her husband. Whatever support was given by this will was minimized by the will made in 1938, in which she gave the same property to her own children. Counsel also rely upon the affidavit executed on the 27th of November, 1928, by Mrs. Saum at the solicitation of the attorney for Mr. Saum. Such affidavit states that at the time of the conveyance it was agreed that the property was conveyed to Mrs. Saum for her natural life. She refused, however, to make a deed to Mr. Saum's children after his death reserving to herself a life estate. The statement in her affidavit does not indicate that there was as a matter of fact a mutual error at the time the deed was made, but it is simply a statement that it was intended that after the deed was made as a fee simple deed it should be regarded as a deed for a life estate. We do not think this is a sufficient showing for an order for the reformation of a deed upon the ground of mutual mistake of the parties thereto.

If there was no fraud or mistake in the written instrument it can not be reformed to make it harmonize with an alleged oral promise which was not kept.

In Corpus Juris, Vol. 53, page 927 will be found this statement,

"If the nature and contents of the the instrument are fully comprehended by both parties at the time of its execution it can not be reformed. Thus if an oral agreement or other matter is purposely left out of the instrument. it will not be reformed.

"Where there is no fraud or mistake in the preparation of the instrument and it appears that the parties signing understood its language and purport, it can not be reformed on the faith of a contemporaneous oral promise which was not kept."

Numerous cases are there cited in support of the text.

Page on Contracts, §2222 states the rule as follows,

"If the parties purposely omitted a part of their oral agreement from their written contract, no mistake exists except possibly in their belief that they can prove the oral contract and enforce it as well as the written one. In cases of this sort equity does not grant reformation."

and cites cases supporting this text.

Volume 2 of Pomeroy's Equity Jurisdiction in a note to §854 states,

"Where a verbal stipulation is made at the same time as the written contract, and is omitted intentionally on the faith of an assurance that it shall be as binding as though incorporated into the writing, the rule as generally settled does not permit such provision to be proved and enforced * * *."

and cases cited.

There are cases which seem to allow the verbal stipulation to be proved and enforced and the written agreement to be reformed on the ground that the refusal to abide by the whole agreement and the attempt to enforce that portion only which is written constitutes a fraud which equity ought to prohibit.

In the case at bar there is no evidence of mistake or fraud in the written instrument which would allow the alleged verbal stipulation to be proved

and enforced and the written agreement reformed.

This case being before us on appeal on questions of law and fact and by us heard de novo, we find that the motion to dismiss the plaintiffs' fourth amended petition should be regarded as a demurrer and the same sustained, and the parties not desiring to plead further, judgment will be rendered in favor of the defendants against the plaintiffs.

BARNES & HORNBECK, JJ., concur.