## THACKER v MATTHEWS et

Ohio Appeals, 2nd Dist.,
Franklin Co.

No. 3408. Decided Feb. 26, 1942.

David A. Peiros, Columbus, and
R. E. Bothwell, Columbus, for
plaintiff-appellant.

John Matthews, Columbus, Vorys,
Sater, Seymour & Pease, Columbus,
for defendants-appellees.

### OPINION

By GEIGER, P. J.

This matter is before this Court upon appeal from a judgment of the Court of Common Pleas upon matters then at issue between the parties.

The amended petition of Orrin Thacker recites, in substance that on the 13th day of September, 1933, the defendant Lindsay Matthews and Edna Matthews, his wife, in consideration of the cancellation of an indebtedness of $2025.00 and of the payment of $75.00 in cash, executed to the plaintiff Orrin Thacker a warranty deed conveying in fee simple certain lands located in the State of Michigan. Said instrument covenanted that the premises were free from all incumbrances except a mortgage held by the grantee, and it is stated that the conveyance is made by the grantor in order to satisfy said mortgage and the note secured thereby in addition to $75.00 and they will warrant and defend the same unto said Thacker against the lawful claims of all persons whomsoever, except as aforesaid.

Plaintiff further says that at the time of the execution of the covenant by the defendants there was outstanding, as a valid lien, a mortgage executed by Matthews to one Harry E. Schmidt securing $600.00, principal and interest, and at the time of said covenants there was due $300.00 in delinquent taxes.

It is alleged that subsequent to the execution of said covenants one Poole, assignee of the mortgage given to Schmidt, filed a suit in Michigan to establish his mort-

gage as a first lien, during the course of which litigation plaintiff made expenditures in the sum of $250.00.

It is alleged that by the judgment rendered by the Court in Michigan, the mortgage lien held by Poole, as assignee of Schmidt, was held to be a first lien on the property after taxes and costs of the proceeding.

Plaintiff says that the covenant against incumbrances has been breached and that by virtue of the Michigan Court's order to sell, he has been deprived of the title to his property, warranted by defendant, to his damage in the sum of $2100.00.

On July 23, 1941, defendants for their first defense make certain admissions and state that they advised plaintiff and that plaintiff had full knowledge in regard to a certain mortgage lien of $600.00 held by Schmidt on said premises and that with full knowledge thereof plaintiff prepared his own deed after having obtained such information; that defendants were induced to execute said deed in reliance upon the express promise of the plaintiff that he would pay the mortgage lien of Schmidt, which promise and representation was a fraud upon the defendants, since plaintiff never intended to and did not fulfill said promise.

As a second defense they set up the proceedings in Michigan in which it is stated that the plaintiff sets forth the same facts and thereafter sought to enforce said covenant against the defendants and that in said action in the state of Michigan a judgment was rendered against the plaintiff on his cross-petition. It is alleged that the parties to the present litigation are also the parties in the Michigan case and that the issues were one and the same and that they have been determined and adjudicated in favor of the defendants.

The cases cited, upon which the court below relied in his first opinion, generally state that in order to maintain an action for reformation of a deed upon the ground of mutual mistake, the proof of such mutual mistake must be clear and convincing; that if the nature and contents of the instrument are fully comprehended by both parties at the time of its execution, it can not be reformed. If an oral agreement or other matter is purposely left out of the instrument, the same will not be reformed. Where there is no fraud or mistake in the preparation of the instrument and it appears that the parties signing understood its language and purport, it can not be reformed on the faith of a contemporaneous oral promise which was not kept. For further statements of the principle see **Herman Saum, et v Orrill, et** decided by the Montgomery County Court of Appeals, on January 20, 1942. **36 Abs 111).**

On the 17th day of May, 1941, Leach, J., of the Court of Common Pleas based his opinion upon **Crawford v. Edison, 45 Oh St 239; Grant v Kinney, 117 Oh St 362; Long v Moler, 5 Oh St 272; Kunkle v Beck, 1 Oh Ap 70; Hott v McDonough, 3 C. C. 177,** and other cases cited, and concluded in substance:

"So in the case at bar there is in the amended answer no allegation of fraud or mistake **in the omission** of the alleged promise of plaintiff that he would pay the mortgage lien then held by Schmidt, **from the deed** and there is no prayer **for reformation** of the deed; on the other hand, the allegation of the plaintiff's knowledge of the existence of the Schmidt mortgage and his express promise and representation **that he would**

pay the mortgage lien of Schmidt is set forth purely as defensive matter. * * * The case being submitted as purely a law case, we think we are forced to the conclusion that in 'such case parol evidence is inadmissible to prove such agreement' of the plaintiff to pay the Schmidt mortgage or in any way to contradict or vary the terms of the covenant; this requires judgment for the plaintiff."

The Court, in consideration of the defense of res judicata, due to the holding in the Michigan case, concludes that the same is not a bar to the defense herein set up and in this we concur.

Thereafter, on July 23rd, the defendants moved to amend their amended answer by making certain insertions both in the first defense and in the prayer. The Court sustained this motion and ordered that the defendants' amended answer be amended by inserting the matters set out in the motion as they relate to the Schmidt mortgage.

It is ordered that the prayer of the answer be amended to include a prayer that the plaintiff's petition be dismissed and that the deed be reformed to exclude the Schmidt mortgage from the conveyance of warranty, etc.

The essential element of the amendment is that the warranty failed to include the mortgage lien of Schmidt and does not conform to the agreement of the parties and that such omission was a fraud upon the defendant and that the deed does not include the mutual agreements and understanding of the parties. The defendants pray that the petition be dismissed and that the deed be reformed to exclude the Schmidt mortgage from the covenant of warranty.

The matter with the amendment to the answer again came before the same judge. He announced an opinion on the 3rd day of July, 1941, wherein he states that following the rendition of his former opinion on the 17th day of May, 1941, the defendants filed not only a motion for new trial but a motion for leave to amend; that from the evidence it appeared that Matthews held the fee to the Michigan land and Thacker held a mortgage thereon in the amount of $1500.00 and that Schmidt held a second mortgage in the amount of $600.00; that Thacker threatened to foreclose the mortgage and that thereupon a quitclaim deed was prepared, but that Thacker refused to accept the same, demanding a warranty deed. The defendants would not give a warranty deed because of the existing mortgage to Schmidt, of which mortgage Thacker had knowledge. Both defendants said they would not sign the prepared deed because he owed Schmidt, whether the mortgage was recorded or not, whereupon Thacker said "I will pay the Schmidt mortgage," and in reliance upon the said promise Matthews signed the warranty deed. The Court states that he is convinced of the truth of the statements made by Mr. and Mrs. Thacker, and states, "Under these facts may the deed be reformed so as to except from the general warranty the assumption of the Schmidt mortgage by Thacker?". The Court then cites a number of authorities, among them being 53 Corpus Juris, page 927, to the effect that if a party objects to a writing on the ground that a stipulation is omitted or because it does not conform to the agreement and the other party makes a verbal agreement and assures him that the matter in controversy will be arranged to carry out their prior and present understanding, the party to the agreement will be en-

titled to relief. There are cases cited in Corpus Juris which permit the verbal stipulation to be proved and enforced and the written agreement reformed on the ground that the refusal to abide by the whole agreement, and to attempt to enforce that portion only which is written, constitutes a fraud which equity ought to prohibit.

In the case of Coger v McGee, 2 Bibb (Ky.) 321, it is held, in substance, that for a party either to produce a mistake or prevent it from being rectified under the declaration that he would observe the understanding of the parties, as verbally expressed and requested to be inserted in the writing, and afterwards to attempt an advantage from its omisssion in the writing, is fraudulent and ought to be relieved against.

There are numerous cases allowing the verbal stipulation to be proved and enforced and the written agreement to be reformed on the ground that the refusal to abide by the whole agreement, and the attempt to enforce that portion only which is written, constitutes a fraud which equity ought to prohibt.

The Court, after reciting the facts as above stated, entered judgment, "Wherefore, it is by the court ordered that plaintiff's petition be dismissed * * *." "The judgment herein being rendered for the defendants no new trial is necessary, as requested by defendants in their motion".

Orrin Thacker, the plaintiff, filed a "notice of appeal on the law from the order of the court of July 9, 1941, dismissing plaintiff's petition; ordering the answer amended; and ordering the deed changed and then considering only evidence previously introduced at the trial under the old pleadings, refusing Thacker any opportunity to plead as against the new issues or to introduce evidence thereunder; and the rendering of final judgment thereon against plaintiff, Thacker".

No bill of exceptions was filed by the plaintiff-appellant.

Sec. 11564 GC, provides that when the decision is not entered on the record, or the grounds of the objection do not sufficiently appear in the entry * * * the party excepting must reduce his objections to writing and file them in the cause not later than forty days after the overruling of the motion for new trial, or the decision of the Court **when the motion for a new trial is not filed**. No motion for a new trial was filed.

In the case of **Tenesy, Appellee, v The City of Cleveland, Appellant, 133 Oh St 251**, it is held:

"1. When an appeal is taken **on** questions of law, it is mandatory that a bill of exceptions be filed in the trial court within the forty-day limitation prescribed by §11564 GC, to enable a reviewing court to consider the contents of such bill.

"2. Where such bill of exceptions, is not filed in the trial court within the time so prescribed, and the errors assigned are such as can be disclosed only by a bill of exceptions, the reviewing court has no alternative but to affirm the judgment."

IN THE ALTERNATIVE.

If the errors assigned are such as are manifest without the bill of exceptions, this Court may consider the appeal.

To determine whether or not the appeal may be considered in spite of the fact that no bill of exceptions has been filed, we examine the appellant's short final reply brief in which the statement is made that no record was made

of the testimony; that the errors complained of are shown in the record without any bill of exceptions, and that the record shows that the error complained of was the admission of **any** testimony contrary to the original pleadings and to vary a warranty deed.

Counsel states that the record fairly shows that the defendants gave to plaintiff a straight warranty deed and that they both knew that defendant (the seller) had also a mortgage out on the property, and the query is made by counsel as to whether a straight warranty deed may be voided by showing orally that the buyer stated orally that he would pay off the mortgage where the pleadings make no issue of fraud other than that.

It is further conceded that the pleadings fairly show that the buyer refused a quitclaim deed but whether he did or not the seller voluntarily gave a straight warranty deed, knowing well what he was giving.

If as claimed by counsel the errors assigned are manifest in the pleadings we may consider the same even though the bill of exceptions may be lacking.

Under the amendment to the petition and the prayer, we are of the opinion that the written deed, in which there appeared a warranty against the ▓▓▓▓▓▓▓ Schmidt mortgage, may be reformed, on the ground that the refusal to abide by the whole agreement and an attempt to enforce that portion only which is written, constitutes a fraud which equity ought to prohibit.

No matter whether we consider the case as being one which we may not entertain unless there is a bill of exceptions or whether we consider it as one in which the errors are manifest without a bill of exceptions, we arrive at the same conclusion, and we find no error in the ruling of the Court below.

Judgment of the Court below affirmed.

HORNBECK, J., concurs.
BARNES, J., concurs in judgment.